IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK T. STEFFENSEN,

          Petitioner,

    v.

MARION FEATHER,

          Respondent.

Case No. 3:15-cv-01377-MO

OPINION AND ORDER

    Frank T. Steffensen, 12436-006
    Sheridan Federal Prison Camp
    P.O. Box 6000
    Sheridan, OR 97378

        Petitioner, *Pro Se*

    Billy J. Williams
    Acting United States Attorney
    Natalie Wight, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner, an inmate at FCI-Sheridan, brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the validity of an April 8, 2015 disciplinary hearing. Because that hearing did not afford petitioner the procedural protections he is guaranteed, the Petition for Writ of Habeas Corpus (#1) is granted.

## BACKGROUND

Petitioner is currently serving a 134-month sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). While serving this sentence, Facility Manager D. Childress searched petitioner's cell looking for contraband. The search resulted in an Incident Report containing the following account by Childress:

> On March 18, 2015, at approximately 8:38 AM, I conducted a cell search of bunk 11 located in Unit 6, Wing 8. During the search, I discovered a razor blade taped up inside of [petitioner's] locker. I called [Lieutenant J. Skowronek] and he took possession of the blade.

Declaration of Daniel Cortez (#10), Att. 3, p. 1.

As a result of this Incident Report, petitioner was charged with being an inmate in possession of a weapon. On March 20, 2015, petitioner's case proceeded to the Unit Disciplinary Committee ("UDC") where he did not request any witnesses and commented only that he "had no clue [the razor blade] was there." *Id.* Based on

2 - OPINION AND ORDER

the seriousness of the offense, the UDC referred the matter to Disciplinary Hearings Officer ("DHO") Daniel Cortez.  *Id.*

On April 8, 2015, petitioner proceeded to his hearing with the DHO.  Although the DHO indicated on the face of his report that petitioner requested a staff representative, he failed to identify that staff representative and, instead, simply stated that such information was not applicable.  Cortez Declaration (#10), Att. 4, p. 1.  However, in the written portion of the report, the DHO stated that "Inmate Steffensen selected Correctional Counselor D. Dannelley as his Staff Representative.  Ms. Dannelley appeared at the hearing and stated; 'He has never been a problem.  He told me where it was found he would not have normally checked.'"  *Id* at 2.

According to petitioner, he requested both Childress and Skowronek as witnesses at his DHO hearing to demonstrate he lacked the intent required to warrant a conviction for possession of a weapon.  Specifically, he contends that if called, Childress would have stated that it was unlikely petitioner knew the razor blade was there, and that Skowronek told petitioner that he did not agree with the charge.  Neither Childress nor Skowronek appeared as witnesses during the DHO hearing.  Although the DHO specifically indicated in his report that petitioner requested witnesses, he later indicated in the same report that petitioner failed to produce any evidence or witnesses to dispute the charge.  Cortez Declaration (#10), Att. 4, p. 2.

3 - OPINION AND ORDER

Petitioner proceeded to offer the following statement during the DHO hearing, including a reference to what Childress might have said if asked:

> I didn't put that there.  I have been there for ten months.  I cleaned it out but I didn't check every nook and cranny.  If you ask Mr. Childress he would say that it was in a spot where I couldn't have seen it.

Cortez Declaration (#10), Att. 4, p. 2.

The DHO concluded that petitioner was guilty of the charged infraction, relying upon: (1) the written account of Childress contained in the March 18 Incident Report; (2) the fact that petitioner declined to provide a statement to Skowronek; (3) petitioner's statement to the UDC that he had no clue the razor was there; and (4) petitioner's statement during the DHO hearing. The DHO provided the following rationale for his decision:

> Facilities Manager D. Childress indicates in his written statement while he was conducting a search of the area of inmate Steffensen, a razor blade was found taped to the inside of the locker.   Inmate Steffensen denied possession of the items during the UDC Review and DHO hearing.  Despite the denial of inmate Steffensen, the DHO finds inmate Steffensen did not provide any evidence or witnesses to dispute the charge.   The DHO weighed the statement of Staff Representative Dannelley, however did not find the statement to outweigh the statement of the reporting officer.   The DHO finds the greater weight of the evidence presented indicates inmate Steffensen committed the prohibited act of Possession of a Weapon.

*Id* at 2.

4 - OPINION AND ORDER

As a result of the guilty determination, the DHO disallowed seven days of good conduct time and imposed seven days of disciplinary segregation, with suspension of the latter sanction pending 180 days of clear conduct. *Id* at 3. Petitioner also asserts that this conviction prevents him from obtaining the one-year sentence reduction that accompanies successful completion of the residential drug abuse treatment program.

On April 18, 2015, petitioner took an administrative appeal wherein he alleged, in part:

> "Needed witnesses requested would have produced evidence in my favor. There was no use, alteration, imputed knowledge, or intent, and no evidence that it was anything other than the cartridge issued at commissary which would be 'Anything Not Authorized' after May 6, 2015. A finding of guilty without further description and **failure to call witnesses requested** violates Due process, Policy, and Equal Protection. This action is arbitrary."

Cortez Affidavit, Att. 5, p. 1 (bold in original).

On May 5, 2015, Regional Director Juan D. Castillo rejected the administrative appeal. Without explaining or referring to the contradictions in the DHO's report pertaining to petitioner's apparent desire to call witnesses, the Regional Director concluded that petitioner was afforded the opportunity to call witnesses but waived that right. *Id* at 2. He also concluded that the greater weight of the evidence supported a finding of guilty, noting that "[e]vidence weighed against you included the account of the reporting officer and the statements you presented. . . . Such

5 - OPINION AND ORDER

evidence supports the fact staff found an altered razor blade inside of your locker." *Id.* Although petitioner appealed the Regional Director's decision, he claims he did not receive a response prior to filing this action.[1]

On July 23, 2015, petitioner filed this 28 U.S.C. § 2241 habeas corpus action in which he alleges that the DHO's decision violates: (1) his right to procedural due process where he was not permitted to call witnesses; (2) his right to substantive due process where there was no evidence in the record that he had anything other than a standard razor cartridge in his locker; and (3) his right to equal protection where all inmates are allowed to have razor blades in their lockers, but only he was punished for that conduct.

## DISCUSSION

### I.  Procedural Due Process

An inmate subject to a prison disciplinary hearing is entitled to certain procedural protections: (1) written notice of the charges against him; (2) he must receive notice of the charges at least 24 hours before his hearing; (3) a written statement by a factfinder as to the evidence relied upon and the reasons for disciplinary action; and (4) an opportunity to call witnesses and present documentary evidence in his defense when allowing him to do

---

[1]  The Government does not assert that the Petition for Writ of Habeas Corpus should be dismissed for failure to exhaust administrative remedies.

6 - OPINION AND ORDER

so "will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

The Government claims that it satisfied *Wolff's* requirements where it offered petitioner the ability to present witness testimony, but he declined. In his Declaration, the DHO states that "[t]he front page of my report indicates Steffensen requested witnesses but that is a typographical error. No witnesses were requested." Cortez Declaration (#10), ¶3. He further asserts, "although the cover page of my report indicates he requested witnesses, that box was erroneously checked and was a clerical error. My report indicates Steffensen did not wish to call any witnesses, and I do not recall anyone asking for witnesses." *Id* at ¶4. Similarly, petitioner's staff representative states that, to the best of her recollection, petitioner did not ask for any witnesses. Declaration of Dawn Dannelley (#16), ¶2.

Although the DHO indicates that his report merely contains a clerical error, the first page is not the only instance in his Report where he references petitioner's desire for witness testimony. The report also recounts petitioner's statement to the DHO to include the following: "If you ask Mr. Childress he would say that it was in a spot where I couldn't have seen it." Cortez Declaration (#10), Att. 4, p. 2. Thus, not only does the DHO Report indicate that petitioner requested witnesses, but it also

7 - OPINION AND ORDER

reveals that petitioner thought he had favorable witness testimony available to him. As such, the DHO's report suggests that petitioner did, in fact, wish to call witnesses at his hearing despite the DHO's contrary position as stated in his Declaration. Accordingly, the court concludes that petitioner was not afforded his due process right to call witnesses at his hearing such that a new hearing is required.

## II.   Substantive Due Process

Petitioner next asserts that the DHO's finding of guilt violates his right to due process because there was no evidence to support the charge. In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. The "some evidence" standard is met where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Id* at 457.

In his Declaration, the DHO addresses this issue:

> Although it was not raised during the disciplinary process, I have been advised Steffensen claims all inmates have razors and it is not a weapon. Inmates at FCI Sheridan are permitted to have trimmers and razor blades but they must be in a cartridge or

8 - OPINION AND ORDER

other sort of device. The item found in Steffensen's locker was a single blade that was not in a cartridge or device and, therefore, was considered a weapon. Additionally, during the time frame of this incident report, staff members were particularly vigilant of unauthorized razor blades and extensive searches were being conducted as a result of a serious assault, with a razor blade, wherein two staff members were injured.

Cortez Declaration (#10), ¶5.

It is somewhat difficult to adjudicate this claim insofar as: (1) none of the documents in the record leading up to petitioner's UDC and DHO hearings, including Childress' account in the Incident Report, show that prison personnel specifically charged petitioner with possession of an *altered* razor blade; (2) despite this fact, petitioner did not argue to either the UDC or the DHO that he was not in possession of a weapon because the razor blade was unaltered; and (3) when petitioner raised the alteration issue for the first time during his administrative appeal, the Regional Director simply stated that Childress' account and petitioner's own statements supported the charge. The court need not resolve the substantive due process issue, however, because petitioner is entitled to a new hearing based upon the procedural due process violation discussed above. During petitioner's new hearing, he will be able to call witnesses and challenge the categorization (or

lack thereof) of the razor blade as sufficiently altered so as to constitute a weapon.[2]

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is granted. Should Bureau of Prisons officials decline to provide petitioner with a new disciplinary hearing within 30 days that satisfies the requirements of due process, respondent shall expunge the disciplinary conviction at issue in this case and recalculate petitioner's sentence accordingly.

IT IS SO ORDERED.

DATED this ___7th___ day of ~~November~~ Jan, 2015 6.

_____
Michael W. Mosman
United States District Judge

---

[2] For the same reasons, the court need not address the equal protection claim petitioner raises which, like his substantive due process claim, is predicated upon his assertion that the razor blade taped inside his locker was unaltered.

10 - OPINION AND ORDER